# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

No. 14-238V
Filed: July 29, 2014
(Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| LINDA LEGGETT, | * |
| | * |
| Petitioner, | *   Stipulation; Attorney's Fees and Costs |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Maximillian Muller, Esq.*, Muller Brazil, LLP, Philadelphia, PA for petitioner.
*Linda Renzi, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION ON ATTORNEY FEES AND COSTS [1]

**Gowen**, Special Master:

In this case under the National Vaccine Injury Compensation Program,[2] I issued a Ruling on Entitlement on July 10, 2014, and a Decision on Damages on July 29, 2014, that awarded compensation pursuant to respondent's Proffer filed on July 28, 2014. On July 29, 2014, the parties filed a stipulation for attorney fees and costs. The stipulation indicates that respondent does not object to the amount petitioner is requesting. Additionally, pursuant to General Order #9, the stipulation notes that petitioner incurred no personal litigation costs.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, I hereby award the total $15,456.23[3] in**

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq*. (2006).

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all

2

**the form of a check payable jointly to petitioner and petitioner's counsel of record, Maximillian J. Muller, for petitioner's attorney fees and costs.**

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.